UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 05-11464-DPW

| | |
|---|---|
| CHARLES G. LEPORIN, FERDINANDO L. ASSINI, BIL-RAY HOME IMPROVEMENTS AND CONTRACTING CORP. OF BRONX, NEW YORK AND BIL-RAY ALUMINUM SIDING CORP. OF QUEENS, INC.<br>　　　Plaintiffs,<br><br>　　　vs.<br><br>THE S/V "DIRECT SAIL", her sails, engines, boilers, tackle, etc.,<br>　　　*In Rem*<br><br>and GARY ISKRA AND DEBORAH L. ISKRA<br>　　　*In Personam*<br><br>　　　Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANTS' ANSWERS**

Defendants, Gary Iskra and Deborah L. Iskra ("Iskra"), pursuant to F.R.C.P. 8 through 13 and the Supplemental Rules for Certain Admiralty and Maritime Claims, for itself and on behalf of the *in rem* Defendant S/V "Direct Sail," a vessel owned by Iskra ("Vessel") (collectively, "Defendants"), for their answers and defenses in this action, respond to the Verified Complaint in Admiralty and Prayer for In Rem Arrest ("Verified Complaint") brought by Plaintiffs, Charles G. Leporin et al. ("Leporin"), state as follows.

MCT/153572.1

## FIRST DEFENSE

The Verified Complaint should be dismissed for failure to satisfy the requirements of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, in that the circumstances from which the claims arise are not stated with such particularity that the Defendants are able, without moving for a more definite statement to investigate certain critical facts upon which the Plaintiffs purport to rely—to wit, the allegation set forth in Paragraph 9 of the Verified Complaint that "all acts and things required to be done in order to constitute the Mortgage as a Second Preferred Mortgage" have been accomplished — and to frame a responsive pleading that meets such critical facts.

## SECOND DEFENSE

Expressly without waiving Defendants' First Defense, in an effort to respond as best as circumstances permit to the correspondingly numbered allegations of the Verified Complaint, Defendants state as follows:

1. Defendants admit that the Verified Complaint purports to be brought pursuant to the cited statute and/or rules, and purports to seek certain relief provided therein also alleging the truth of claims asserted; except as expressly admitted, denied.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph concerning the place of Charles G. Leporin ("Leporin").

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph concerning the place of Ferdinando L. Assini ("Assini").

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph concerning the place of Bil-Ray Home Improvements and Contracting Corp. ("Bil-Ray Home").

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph concerning the place of Bil-Ray Aluminum Siding Corp. of Queens, Inc. ("Bil-Ray Aluminum").

6. Defendants admit that the Vessel is a vessel documented under the laws and flag of the United States in the name of and owned by Gary Iskra and Deborah L. Iskra who reside in Lignoier, Pennsylvania with an official number 983900, approximately 35 gross tons, 31 net tons, built in 1992 in Southwest Harbor, Maine.  Upon information and belief, the Vessel remains within the navigable waters of this District.

7. Admitted.  Further answering, the documents attached to the Verified Complaint as Exhibit 1, 2 and 3 are writings the terms of which speak for themselves.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and state that the records pertaining to the Vessel as maintained by the United States Coast Guard and the document numbers assigned are writings the terms of which speak for themselves.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and state that the satisfaction of "all acts and things required to be done in order to constitute the Mortgage as a Second Preferred Mortgage" is ambiguous, lacks specificity and detail in order for Defendants to respond.

10. The Defendant Gary Iskra admits so much of paragraph 10 of the Verified Complaint which alleges that Gary Iskra failed to make payment when due under the Mortgage and Promissory Note in May 2005 and such failure to pay constitutes an event of default. Further answering, the terms of the Limited Guaranty of Deborah L. Iskra is a document which

speaks for itself as are Deborah L. Iskra's obligations thereunder. The remaining allegations of paragraph 10 are denied.

11. The Defendant Gary Iskra admits so much of paragraph 11 of the Verified Complaint which alleges that Gary Iskra owes money to the Plaintiffs, the exact sum of which remains in dispute. The remaining allegations of paragraph 11 are denied.

12. The Defendants admit so much of the allegations of paragraph 12 that the Plaintiffs may be compelled to advance monies to maintain the consideration of the collateral. The remaining allegations of paragraph 12 require the Defendants neither to admit nor to deny.

### THIRD DEFENSE

The Verified Complaint is to be dismissed for want of jurisdiction over the person of Defendants Gary Iskra and Deborah L. Iskra.

### FOURTH DEFENSE

The Verified Complaint is to be dismissed for insufficiency of service of process for the *in personam* action as against the Defendants Gary Iskra and Deborah L. Iskra.

### FIFTH DEFENSE

The Verified Complaint is to be dismissed for insufficiency of service of process for the *in rem* action as against the Defendants S/V Direct Sail.

### SIXTH DEFENSE

The allegations of the Verified Complaint assert a debt of the Defendants Iskra secured by the Mortgage on the Vessel. The underlying dispute between the Defendants Iskra and the Plaintiffs Leporin et al. was the subject of a lawsuit commenced in the U. S. District for the Eastern District of New York brought by the Plaintiffs Leporin et al. and captioned Leporin et al. v. America's Home Improvement Company LLC, Gary Iskra, Mark Aloe and Pacesetter

Corporation, Civ. No. 04-4864 (NGG) ("New York Action"). The New York Action was settled and Judgment entered for the Plaintiffs, a true copy of which is attached as Exhibit X to this Answer. The Judgment entered by agreement pursuant to a negotiated Settlement Agreement, a true copy of which is attached hereto as Exhibit Y. Under the terms of the Settlement Agreement, the Note attached as Exhibit 2 to the Verified Complaint, was secured by the Mortgage attached as Exhibit 1 to the Verified Complaint on the Vessel. The Mortgage (Exhibit 1) is, in actuality, a second preferred mortgage to that of Dollar Bank which holds the First Preferred Ship Mortgage on the Vessel, a true copy of which is attached as Exhibit A to the Assented to Motion (of Dollar Bank, Federal Savings Bank) to Intervene as Plaintiff dated August 9, 2005 and filed with this Court. Under paragraph 6 of the Mortgage, the collateral is described as follows:

> the whole (100%) of the Vessel, together with all of the masts, bowsprit, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, and all other necessaries thereunto appertaining and belonging.

Certain personal property of the Defendants onboard the Vessel is not pledged as collateral and not encumbered by the Mortgage. By and through counsel, by letter dated September 12, 2005, a true copy of which is attached hereto as Exhibit Z, demand has been made of the Plaintiffs to hand-over the personal property of the Defendants as set forth on a list included with that letter. The Plaintiffs have failed and refused to account for, hand-over, permit inspection of and/or to relinquish custody of said personalty of the Defendants in contravention of the Mortgage, the Settlement Agreement (Ex. Y) and the terms and conditions of the Judgment (Ex. X). Wherefor, the Plaintiffs are to be estopped from the relief sought for having breached the covenant of good faith and fair dealing by seizing items not posted as collateral, by violating the terms and

conditions of the Settlement Agreement incorporated by reference in the Judgment entered in the New York Action.

**SEVENTH DEFENSE**

The allegations of the Verified Complaint assert a debt of the Defendants Iskra secured by the Mortgage on the Vessel.  The underlying dispute between the Defendants Iskra and the Plaintiffs Leporin et al. was the subject of a lawsuit commenced in the U. S. District for the Eastern District of New York brought by the Plaintiffs Leporin et al. and captioned  <u>Leporin et al. v. America's Home Improvement Company LLC, Gary Iskra, Mark Aloe and Pacesetter Corporation</u>, Civ. No. 04-4864 (NGG) ("New York Action").  The New York Action was settled and Judgment entered for the Plaintiffs, a true copy of which is attached as Exhibit X to this Answer.  The Judgment entered by agreement pursuant to a negotiated Settlement Agreement, a true copy of which is attached hereto as Exhibit Y.  Under the terms of the Settlement Agreement, the Note attached as Exhibit 2 to the Verified Complaint, was secured by the Mortgage attached as Exhibit 1 to the Verified Complaint on the Vessel.  The Mortgage (Exhibit 1) is, in actuality, a second preferred mortgage to that of Dollar Bank which holds the First Preferred Ship Mortgage on the Vessel, a true copy of which is attached as Exhibit A to the Assented to Motion (of Dollar Bank, Federal Savings Bank) to Intervene as Plaintiff dated August 9, 2005 and filed with this Court.  In addition, in consideration for entering into the Settlement Agreement and agreeing to the entry of Judgment, the Defendant Deborah L. Iskra executed a Limited Guaranty, a true copy of which is attached to the Verified Complaint as Exhibit 3, Deborah L. Iskra, Guarantor.  Said Limited Guaranty identifies the Vessel as the "Collateral."  Paragraph 16 of the Limited Guaranty provides as follows:

> <u>Recourse</u>.  Notwithstanding any other provision of this Guaranty, the recourse to Guarantor hereunder shall be limited to the

>Guarantor's interest in the Collateral, and the Bil-Ray Group acknowledges that it shall no further recourse to or claim for deficiency against, the Guarantor.

The Plaintiffs Leporin et al. have asserted a right to collect any deficiency as against the Defendant Deborah L. Iskra *in personam* as set forth in paragraph 7 of the prayer for relief of the Verified Complaint in violation of the terms and conditions of the Limited Guaranty, the terms and conditions of which were negotiated as part of the settlement on which the Judgment in the New York Action entered and in violation of the covenant of good faith and fair dealing. Plaintiffs are to be barred and estopped from asserting a claim against Deborah L. Iskra other than her interest in the Vessel.

## EIGHTH DEFENSE

The Plaintiffs Leporin et al. are barred and estopped from recovering on their claims because of their failure to mitigate their alleged damages.

## NINTH DEFENSE

The Plaintiffs Leporin et al. are barred and estopped from recovering on their claims in this action by reason of Defendants' rights of set-off and recoupment arising from their fraudulent, unfair assertion of a cause of action against Deborah L. Iskra in contravention to the terms and conditions of the Limited Guaranty.

## TENTH DEFENSE

The Plaintiffs Leporin et al. do not have an enforceable maritime lien against the Vessel.

>Respectfully submitted,
>**GARY ISKRA, DEBORAH L. ISKRA AND S/V "DIRECT SAIL"**
>By his Attorneys,
>
>/S/ Kevin T. Smith
>/S/ James D. Masterman
>James D. Masterman (BBO# 324000)

          Kevin T. Smith (BBO#555507)
          **MASTERMAN, CULBERT & TULLY LLP**
          One Lewis Wharf
          Boston, MA 02110
          (617) 227-8010

Dated: September 28, 2005

## CERTIFICATE OF SERVICE

  I, James D. Masterman, Esq., hereby certify the on September 28, 2005, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

        Robert E. Collins, Esq.
        Thomas E. Clinton, Esq.
        Clinton & Muzyka
      One Washington Mall, Suite 1400
       Boston, Massachusetts 02108
      email: rcollins@clinmuzyka.com
      email: tclinton@clinmuzyka.com

        Peter D. Bilowz, Esq.
        Goulston & Storrs, P.C.
        400 Atlantic Avenue
       Boston, MA 02110-3333
     email: pbilowz@goulstonstorrs.com


          /S/ James D. Masterman
          James D. Masterman

**EXHIBITS X, Y, AND Z TO BE FILED WITH THE CLERK.**