UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11464-DPW

**CHARLES G. LEPORIN, FERDINANDO L. ASSINI,
BIL-RAY HOME IMPROVEMENTS
AND CONTRACTING CORP. OF BRONX, NEW YORK
And BIL-RAY ALUMINUM SIDING CORP. OF
QUEENS, INC.**
        **Plaintiffs,**
**VS.**

**The S/V "*DIRECT SAIL*", her sails, engines, boilers,
tackle, etc.,**
        **In Rem,**

**and GARY ISKRA and DEBORAH L. ISKRA**
        **In Personam,**
        **Defendants.**

### PLAINTIFFS' OPPOSITION TO DEFENDANTS, GARY AND DEBORAH ISKRA'S MOTION FOR PARTIAL RELEASE OF PROPERTY FROM ARREST FILED ON SEPTEMBER 28, 2005 IN THE MAINE CASE

Now come the plaintiffs, in the above-entitled action, by and through their undersigned attorneys, Clinton & Muzyka, P.C., and respectfully submit their Opposition to Defendants' Motion for Partial Release of Property from Arrest.

This matter involves a foreclosure of a Second Preferred Ship Mortgage on the S/V DIRECT SAIL. In addition, on October 4, 2005, the plaintiffs filed a Certification of Judgment for Registration for a Judgment obtained in the Eastern District of New York against Gary

Iskra, et. al.  That Judgment is registered in the United States District Court for the District of Massachusetts and has been assigned C.A. Number 05-10349.  A copy of that Judgment is attached hereto as Exhibit 1.

The plaintiffs have requested execution on that Judgment.  Accordingly, plaintiffs assert that the Motion for Partial Release of Property from Arrest is moot.  Any items that are not appurtenance to the vessel will be levied upon pursuant to the execution against Gary Iskra.

The Motion for Partial Release of Property contains a list of the items of personal property.  Plaintiffs note that items number 2 (charts) and 13 (dingy and motor) are appurtenances to the vessel and are therefore not subject to release, but will, instead, be transferred with the sale of the vessel.

The remaining items of personal property will be subject to the execution.  Plaintiffs agree to the release of items number 1 (family clothing) and 12 (cosmetics), pursuant to the requirements of M.G.L. c. 235 Section 34.

WHEREFORE, the plaintiffs pray this Honorable Court deny Defendant's Motion for Partial Release of Property from Arrest, except to the extent of the release of the items identified as number 1 (family clothing) and 12 (cosmetics).

        By their attorneys,

        **CLINTON & MUZYKA, P.C.**

        <u>**_"/s/Robert E. Collins"**</u>
        **Robert E. Collins**
        **BBO NO: 555843**
        One Washington Mall
        Suite 1400
        Boston, MA  02108
        (617) 723-9165

Dated:    October 17, 2005

AO 451 (Rev.12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

BIL-RAY HOME IMPROVEMENTS AND CONTRACTING CORP. OF BRONX, NEW YORK, BIL-RAY ALUMINUM SIDING CORP. OF QUEENS, INC., CHARLES G. LEPORIN AND FERDINANDO L. ASSINI,

V.

AMERICA'S HOME IMPROVEMENT COMPANY, LLC, GARY ISKRA, MARK ALOE AND PACESETTER CORPORATION

FILED IN CLERK'S OFFICE
2005 OCT -4 A 11: 14
U.S. DISTRICT COURT
DISTRICT OF MASS.

CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT

05 MBD 10349

Case Number: 04-CV-4864 (NGG)

I, **ROBERT C. HEINEMANN** Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action **8/16/05**, as it appears in the records of this court, and that **there is no appeal pending.**

Date

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

_____9/21/05_____      **ROBERT C. HEINEMANN**
Date                                    Clerk

_____/s/_____
(By) Deputy Clerk

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (*) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(* Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

FILED
IN CLERK'S OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ AUG 1 6 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BIL-RAY HOME IMPROVEMENTS AND CONTRACTING
CORP. OF BRONX, NEW YORK, BIL-RAY ALUMINUM
SIDING CORP. OF QUEENS, INC., CHARLES G. LEPORIN
AND FERDINANDO L. ASSINI,

                Plaintiffs,          Civ. No. 04-4864 (NGG)

  -against-

                                  **JUDGMENT**
AMERICA'S HOME IMPROVEMENT COMPANY, LLC,
GARY ISKRA, MARK ALOE, AND PACESETTER
CORPORATION,                         **05 MBD 10349**

                Defendants.
-----------------------------------------------------------X

        WHEREAS, Plaintiffs Bil-Ray Home Improvements and Contracting Corp. of Bronx, New York ("Bil-Ray Home"), Bil-Ray Aluminum Siding Corp. of Queens, Inc. ("Bil-Ray Aluminum"), Charles G. LePorin ("LePorin") and Ferdinando L. Assini ("Assini") (collectively, the "Bil-Ray Group"), commenced an action against Defendants America's Home Improvement Company LLC ("AHIC"), Gark Iskra ("Iskra"), Mark Aloe ("Aloe"), and Pacesetter Corporation ("Pacesetter") (collectively, the "AHIC Group"), on or about November 9, 2004 by filing the summons and complaint; and

        WHEREAS, on November 9, 2004, a copy of the summons and complaint was personally delivered to each Defendant of the AHIC Group; and

        WHEREAS, a duly notarized affidavit of service confirming personal service on each Defendant of the AHIC Group was filed herein on November 16, 2004; and

        WHEREAS, on or about December 23, 2004 the parties entered into a Settlement Agreement, which, *inter alia*, provided for the payment of $2,270,000 by AHIC, Iskra, and Aloe, plus interest on $1,870,000 of said sum, in accordance with the terms of the Settlement

Agreement and a promissory note executed by AHIC, Iskra, and Aloe, in favor of the Bil-Ray Group in the amount of $1,870,000 plus interest at 6%;

WHEREAS, on December 23, 2004, AHIC, Iskra, and Aloe each executed a duly notarized Confession of Judgment which provided that, *inter alia*, a failure to make the payments on the sum specified above would constitute an Event of Default, so as to immediately permit the Bil-Ray Group to enter and have execution upon the Confessions of Judgment, and

WHEREAS, AHIC, Iskra and Aloe have defaulted in making the payments specified in the Settlement Agreement; and

WHEREAS, the parties appeared at a hearing before the Court on August 3, 2005 on the entry of a judgment against defendants pursuant to the terms of the Settlement Agreement; and

WHEREAS, at the August 3, 2005 hearing, AHIC, Iskra and Aloe conceded to their non-payment and default under the terms of the Settlement Agreement;

NOW THEREFORE, upon the application of Ruskin Moscou Faltischek, P.C., East Tower, 15th Floor, 190 EAB Plaza, Uniondale, New York 11556, attorneys for the Bil-Ray Group, it is hereby

ORDERED, ADJUDGED AND DECREED, that plaintiff LePorin, with an address at 27 Swathmore Lane, Dix Hills, New York 11746, plaintiff Assini, with an address at 3379 Harbor Point Road, Baldwin, New York 11510, plaintiff Bil-Ray Home, with offices at 40 Elmont Road, Elmont, New York 11003, and Bil-Ray Aluminum, with offices at 40 Elmont Road, Elmont, New York 11003, hereby are granted and now have judgment against AHIC, Iskra, and Aloe, jointly and severally, as follows:

The Bil-Ray Group is hereby awarded in accordance with the Settlement Agreement and Confessions of Judgment executed by AHIC, Iskra, and Aloe, and does recover, jointly and severally, of AHIC, with offices at 4343 South 96th Street, Omaha, Nebraska 68127, Iskra, with an address as 464 Meyers School Rd., Ligonier, Pennsylvania 15658, and Aloe, with an address at 3132 Miller's Run Road, Cecil, Pennsylvania 15321, and their respective successors in interest, heirs, and assigns, the sum of $1,505,497.11, with interest from May 15, 2005 calculated at six (6%) per cent per annum in the amount of $ _21,035.71_ and costs as taxed by the Clerk in the amount of $ _-0-_, for a total sum of $ _1526,532.82_ and that the Bil-Ray Group have execution thereon. _The Bil-Ray Group may submit a bill for costs to the Clerk at a later date._

_____
CLERK

SO ORDERED:

_[signature]_
Honorable Nicholas G. Garaufis

8-8-05

321735/3