UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11464-DPW

CHARLES G. LEPORIN, FERDINANDO L. ASSINI,
BIL-RAY HOME IMPROVEMENTS
AND CONTRACTING CORP. OF BRONX, NEW YORK
And BIL-RAY ALUMINUM SIDING CORP. OF
QUEENS, INC.
   Plaintiffs,
VS.

The S/V "*DIRECT SAIL*", her sails, engines, boilers,
tackle, etc.,
   In Rem,

and GARY ISKRA and DEBORAH L. ISKRA
   In Personam,
  Defendants,

DOLLAR BANK, FEDERAL SAVINGS BANK,
  Intervenor.

## PLAINTIFFS' ASSENTED MOTION FOR LEAVE TO AMEND THE COMPLAINT

Now come the plaintiffs, in the above-entitled action, by and through their undersigned attorneys, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to amend their Complaint. As a basis therefore, the plaintiffs submit the following.

This matter involves a foreclosure of a second mortgage on the S/V DIRECT SAIL, owned by the defendants, Gary Iskra and Deborah L. Iskra.

A Complaint in this matter was filed on July 11, 2005, and included a copy of the Second Preferred Mortgage and the Limited Guaranty by Deborah L. Iskra.

Pursuant to the terms of the Limited Guaranty, Deborah L. Iskra was only liable on the Second Preferred Mortgage up to her interest in the vessel.

Accordingly, the plaintiffs move to amend the Complaint by deleting any reference in paragraph 7 of the Ad Damnum to entry of a deficiency judgment against Deborah L. Iskra. A copy of the Proposed Amended Verified Complaint is attached hereto as Exhibit 1.

The defendants and the intervenor, Dollar Bank, Federal Savings Bank, have assented to this motion.

WHEREFORE, the plaintiffs pray this Honorable Court grant its Motion for Leave to Amend the Complaint.

By their attorneys,

**CLINTON & MUZYKA, P.C.**

_"/s/Robert E. Collins"
**Robert E. Collins
BBO NO: 555843**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

**ASSENTED TO:**



**"/s/James D. Masterman"**
James D. Masterman
Attorney for Defendants
BBO NO. 32400
MASTERMAN, CULBERT & TULLY LLP
One Lewis Wharf
Boston, MA 02110
(617) 227-8010



**"/s/Peter D. Bilowz"**\_\_\_\_
Peter D. Bilowz
Attorney for the Intervenor,
Dollar Bank, Federal Savings Bank
BBO NO. 651383
GOULSTON & STORRS, P.C.
400 Atlantic Ave.
Boston, MA 02110
(617) 482-1776



 Dated:    November 7, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11464-DPW

CHARLES G. LEPORIN, FERDINANDO L. ASSINI,
BIL-RAY HOME IMPROVEMENTS
AND CONTRACTING CORP. OF BRONX, NEW YORK
And BIL-RAY ALUMINUM SIDING CORP. OF
QUEENS, INC.
    Plaintiffs,
VS.

The S/V "DIRECT SAIL", her sails, engines, boilers,
tackle, etc.,
    In Rem,

and GARY ISKRA and DEBORAH L. ISKRA,
    In Personam,
    Defendants,

DOLLAR BANK, FEDERAL SAVINGS BANK,
    Intervenor.

## PLAINTIFFS' AMENDED VERIFIED COMPLAINT

The Amended Complaint of the Plaintiffs against the S/V DIRECT SAIL, her sails, engines, tackle, furniture, apparel, appurtenances, etc., *in rem,* and against GARY ISKRA and DEBORAH L. ISKRA, *in personam,* in a cause of action for enforcement of a preferred ship mortgage and of contract civil and maritime, alleges upon information and belief:

1. All and singular the following are true and constitute admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil

EXHIBIT "1"

Procedure and within the admiralty and maritime jurisdiction of this Honorable Court.

2. At all times hereinafter mentioned, Plaintiff CHARLES G. LEPORIN was and now is a citizen of the State of New York with an office and place of business at 40 Elmont Road, Elmont, New York.

3. At all times hereinafter mentioned, Plaintiff FERDINANDO L. ASSINI was and now is a citizen of the State of New York with an office and place of business at 40 Elmont Road, Elmont, New York.

4. At all times hereinafter mentioned, Plaintiff BIL-RAY HOME IMPROVEMENTS AND CONTRACTING CORP. OF BRONX, NEW YORK was and now is a corporation organized and existing under the laws of the State of New York with an office and place of business at 40 Elmont Road, Elmont, New York.

5. At all times hereinafter mentioned, Plaintiff BIL-RAY ALUMINUM SIDING CORP. OF QUEENS, INC. was and now is a corporation organized and existing under the laws of the State of New York with an office and place of business at 40 Elmont Road, Elmont, New York.

6. At all times hereinafter mentioned defendant S/V DIRECT SAIL is and was a vessel documented under the laws and flag of the United States in the name of defendants Gary Iskra and Deborah L. Iskra, individuals residing in

Ligonier, Pennsylvania as owners thereof, and having official number 983900, being of approximately 35 gross tons, and approximately 31 net tons and built in 1992 at Southwest Harbor, Maine. Said vessel is now within the navigable waters of this District.

7. On or about December 23, 2004, defendants Gary Iskra and Deborah L. Iskra executed a Second Preferred Ship Mortgage (the ''Mortgage'') covering the DIRECT SAIL in favor of Plaintiffs as Mortgagees as security for a Promissory Note dated December 23, 2004, which was executed and delivered by Gary Iskra and personally guaranteed by Deborah L. Iskra. The principal amount of said mortgage is $1,870,000.00 and the maturity date is February 16, 2006. True copies of the Mortgage, Note and Limited Guaranty are attached hereto as Exhibits 1, 2 and 3 respectively.

8. The Mortgage was duly filed for record on January 3, 2005, at 10:45 A.M. in the U.S. Coast Guard National Vessel Documentation Center, the proper place for the recording of a mortgage covering the vessel S/V DIRECT SAIL, and was duly recorded and assigned locator number 05-04 285.

9. Long prior to the commencement of this action all acts and things required to be done in order to constitute

the Mortgage as a Second Preferred Mortgage constituting a preferred mortgage lien upon the mortgaged vessel DIRECT SAIL, in accordance with the provisions of the laws of the United States were accomplished.

10. At the time of the filing of this action, defendant Gary Iskra is in default under the Mortgage and the Promissory Note. And defendant Deborah L. Iskra has failed to honor her personal guaranty. Among other defaults, defendant failed to make payment in accordance with the terms of the Mortgage on May 15, 2005 as and when due.

11. Pursuant to the foregoing, ISKRA owes in principal the sum of $1,498,007.08, plus interest accrued thereon in the amount of $ 7,490.03 through May 15, 2005, and accrued thereafter pursuant to the Mortgage.

12. In addition to the debt of defendant ISKRA to Plaintiffs as evidenced by the Promissory Note secured by the Mortgage Plaintiffs, in order to protect their interest in the DIRECT SAIL, may be compelled to advance monies to maintain the condition of the collateral to keep the same safe, secure, and seaworthy. Plaintiffs will seek reimbursement from defendants for these charges.

WHEREFORE, in consideration of the premises, plaintiffs pray as follows:

1. That process in due form of law according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the S/V DIRECT SAIL, her sails, engines, tackle, furniture, apparel, appurtenances, etc., and that all persons claiming any title or right to said vessel may be cited to appear and answer under oath the allegations of this Complaint;

2. That process issue in the manner provided by law, upon the defendants Gary Iskra and Deborah L. Iskra citing them to appear and answer under oath the allegations of this Complaint;

3. That the Second Preferred Mortgage as evidenced by the Mortgage be declared a valid and subsisting mortgage on the whole of the S/V DIRECT SAIL, her engines, tackle, furniture, apparel, appurtenances on board and on shore, etc., prior and superior in right and interest to any claim therein or thereon by any other person, firm, or corporation whomsoever or whatsoever except for any First Preferred Ship Mortgage;

4. That plaintiff have a decree against the S/V DIRECT SAIL, her sails, engines, tackle, furniture, apparel, appurtenances on board and on shore, etc., for the full amount of its aforesaid claims, attorneys' fees

and costs, as provided in the attached documents;

    5. That the S/V DIRECT SAIL, her sails, engines, tackle, furniture, apparel, appurtenances on board and on shore, etc., be condemned and sold free and clear of all liens and encumbrances to satisfy the decree of the plaintiffs, and that this Honorable Court award to the plaintiff out of the proceeds of said sale the full amount of its claims as aforesaid with preference and priority over all other persons, firms, and corporations whomsoever and whatsoever except for any First Preferred Ship Mortgage;

    6. That this Court decree the manner in which notice of the commencement of this action be given by plaintiff to the Owner, Master, or caretaker of the S/V DIRECT SAIL, to the defendant ISKRA, and to any person, firm, or corporation having or claiming to have recorded a notice of claim of an undischarged lien as provided for by the applicable statutes and rules;

    7. That should the proceeds of the sale of the S/V DIRECT SAIL be insufficient to satisfy the claims of the plaintiffs against defendants Gary Iskra and Deborah L. Iskra, *in personam,* that the Court enter a judgment for such deficiency against the defendant Gary Iskra, *in personam;* and

8. That the court grant such other and further relief to which the plaintiffs may show themselves justly entitled.

Dated:   Boston, Massachusetts
         October 17, 2005

        By their attorneys,
        **CLINTON & MUZYKA, P.C.**

        **Attorneys for Plaintiffs**

        "/s/Robert E. Collins"
        **Robert E. Collins**
        BBO NO. 555843
        One Washington Mall
        Suite 1400
        Boston, MA 02108
        (617) 723-9165

## VERIFICATION

I, Charles G. Leporin, being duly sworn, deposes and says that:

I am a plaintiff herein. I have read the foregoing Verified Complaint and I know the contents thereof and the same are true to the best of my own knowledge, except as the matters therein stated to be upon information and belief, and unto those matters I believe them to be true.

Signed under the pains and penalties of perjury on this 7th day of ~~July~~ August, 2005.

        "/s/Charles G. Leporin"
        Charles G. Leporin

### ACKNOWLEDGMENT

STATE OF NEW YORK                                    Elmont, NY
COUNTY OF

Then appeared before me the above-named Charles G. Leporin, known to me who, being duly sworn, stated that he read the foregoing document and that he executed said document as his free act and deed on the ___ day of July, 2005.

_____
Notary Public (SEAL)
My Commission Expires:


### VERIFICATION

I, Ferdinando L. Assini, being duly sworn, deposes and says that:

I am a plaintiff herein. I have read the foregoing Verified Complaint and I know the contents thereof and the same are true to the best of my own knowledge, except as the matters therein stated to be upon information and belief, and unto those matters I believe them to be true.

Signed under the pains and penalties of perjury on this 7th day of August [July struck], 2005.

"/s/Ferinando L. Assini"
Ferdinando L. Assini

## ACKNOWLEDGMENT

STATE OF NEW YORK                           Elmont, NY
COUNTY OF

Then appeared before me the above-named Ferdinando L. Assini, known to me and who, being duly sworn, stated that he read the foregoing document and that he executed said document as his free act and deed on the ____ day of July, 2005.

_____
Notary Public (SEAL)
My Commission Expires:

## VERIFICATION

I, _Charles G. Loporin_____, being duly sworn, deposes and says that:

I am the President of Bil-Ray Home Improvements and Contracting Corp. of Bronx, New York, plaintiff herein. I have read the foregoing Verified Complaint and I know the contents thereof and the same are true to the best of my own knowledge, except as the matters therein stated to be upon information and belief, and unto those matters I believe them to be true.

Signed under the pains and penalties of perjury on this 7th day of August, 2005.

/s/ Charles G. Loporin
_____

## ACKNOWLEDGMENT

STATE OF NEW YORK                              Elmont, NY
COUNTY OF

    Then appeared before me the above-named _____, known to me or shown to me to be acting in the capacity claimed and who, being duly sworn, stated that he read the foregoing document, that he was authorized to execute said document, and that he executed said document as the free act and deed of said corporation on the ____ day of July, 2005.

                                                _____
                                                Notary Public (SEAL)
                                                My Commission Expires:


## VERIFICATION

    I, _Charles G. Laporin_____, being duly sworn, deposes and says that:

    I am the President of Bil-Ray Aluminum Siding Corp. of Queens, Inc., plaintiff herein.  I have read the foregoing Verified Complaint and I know the contents thereof and the same are true to the best of my own knowledge, except as the matters therein stated to be upon information and belief, and unto those matters I believe them to be true.

    Signed under the pains and penalties of perjury on this 7th day of August, 2005.

                                                /s/ Charles G. Laporin

## ACKNOWLEDGMENT

STATE OF NEW YORK                                    Elmont, NY
COUNTY OF

    Then appeared before me the above-named
_____, known to me or shown to me to be acting in the capacity claimed and who, being duly sworn, stated that he read the foregoing document, that he was authorized to execute said document, and that he executed said document as the free act and deed of said corporation on the ____ day of July, 2005.

                                                 _____
                                                 Notary Public (SEAL)
                                                 My Commission Expires: