UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11464-MBB

CHARLES G. LEPORIN, FERDINANDO L. ASSINI,
BIL-RAY HOME IMPROVEMENTS
AND CONTRACTING CORP. OF BRONX, NEW YORK
And BIL-RAY ALUMINUM SIDING CORP. OF
QUEENS, INC.
    Plaintiffs,
VS.

The S/V "DIRECT SAIL", her sails,
engines, boilers, tackle, etc., In Rem,
and GARY ISKRA and DEBORAH L. ISKRA,
In Personam,
    Defendants,

DOLLAR BANK, FEDERAL SAVINGS BANK,
    Intervenor.

## ORDER FOR INTERLOCUTORY SALE OF S/V DIRECT SAIL

A motion having been duly brought before this Court by the parties for the sale of the S/V DIRECT SAIL, (O.N. 983900), her engines, machinery, mast, anchors, etc.

Now based on the Complaint and motion of the parties and the statements of the parties at the hearing held on January 3, 2006, it is hereby:

ORDERED, that the S/V DIRECT SAIL (O.N. 983900), her engines, machinery, mast, anchors, rigging, tackle, boats, furniture, equipment and supplies, etc. (collectively, the "DIRECT SAIL") shall be sold by private sale or public

GSDOCS\1558486.1 1/20/2006 9:34 AM

auction, such sale to be subject to confirmation by this Court; and it is further

ORDERED, that the DIRECT SAIL shall be advertised for sale in The Boston Sunday Globe and in not less than two (2) trade publications, one of which shall be Soundings magazine in both its New England and Florida editions; and it is further

ORDERED, that the advertisement shall run for a period of not less than four (4) weeks in The Boston Sunday Globe; and it is further

ORDERED, that the advertisement text shall include a full description of the DIRECT SAIL and state:

(a) the sales price is One Million One Hundred Thousand Dollars ($1,100,000);

(b) the DIRECT SAIL is available for viewing and inspection at the Fairhaven Shipyard, listing the work address and the telephone number of Robert E. Collins, Esq. or other designated contact person;

(c) written offers to purchase the DIRECT SAIL are due in writing at the work address of Robert E. Collins, Esq., no later than April 12, 2006;

(d) failure to obtain a Qualifying Offer to purchase on or before April 12, 2006 shall result in a public auction of the DIRECT SAIL on April 19, 2006 before

3

this Court at which the DIRECT SAIL will be sold to the highest qualified bidder;

(e) any sale shall be subject to the confirmation of this Court; and it is further

ORDERED, that the advertisements shall include such other provisions required to constitute notice of a public auction;

ORDERED, that draft copies of the advertisement shall be circulated by the offices of Clinton & Muzyka, P.C. to Peter D. Bilowz, Esq. and James D. Masterman, Esq. on or before January 25, 2006 or not less than seven (7) days prior to the date when the particular publication requires placing of the advertisement;

ORDERED, that any offers to purchase the DIRECT SAIL received by any party, including any offers received pursuant to the advertisements, shall be communicated to the other parties' counsel no later than two (2) business days after receipt of such offer(s), provided, however, any offers received on or after April 11, 2006 shall be communicated to the other parties' counsel as soon as practicable and in any event, not later than one (1) business day after receipt; and it is further

ORDERED, that a qualifying offer (a "Qualifying Offer") for the purchase of the DIRECT SAIL shall be any

offer to purchase the DIRECT SAIL for One Million One Hundred Thousand Dollars ($1,100,000) or greater or for any other amount which the parties, collectively, agree to accept; and it is further

ORDERED, that a status conference in this matter will be held before this Court on April 13, 2006 at 10:00 a.m. to determine whether any Qualifying Offer has been received and to determine the applicable reserve bid required in the event a public auction is necessary; and it is further

ORDERED, that if a Qualifying Offer is received, the person submitting the Qualifying Offer and determined by the parties to be the highest and best bidder for the DIRECT SAIL (which determination shall be made no later than April 12, 2006), will be required to deliver to the Clerk of the Court not later than April 13, 2006 (or the date of the hearing on confirmation of the sale if upon request of the parties, such date is earlier than April 13, 2006), in cash or certified check, earnest money deposit amounting to at least 10% of the purchase price, which deposit shall be non-refundable if the Court approves the sale; and that such offeror will be required to pay the balance of the purchase price, in cash or

certified check, to the Clerk of the Court at the hearing on confirmation of the sale; and it is further

ORDERED, that a hearing on confirmation of the sale shall be held before this Court on April 19, 2006 at 10:00 a.m., provided, however, the parties, if all in agreement, may petition this Court for a confirmation hearing at an earlier date; and it is further

ORDERED, if no Qualifying Offer is received on or before April 12, 2006, a public auction of the DIRECT SAIL shall be held before this Court on April 19, 2006 commencing at 10:00 a.m. with the sale to be to the highest and best bidder who shall be required to tender the purchase price, in cash or certified check, to the Clerk of the Court at the conclusion of the hearing on confirmation of the sale, said hearing to commence immediately following the conclusion of the auction or such other time and date as this Court may order;

ORDERED, that the Intervenor Dollar Bank, Federal Savings Bank ("Dollar Bank") may credit bid at the auction part or all of the obligations owed to it (including fees and expencse) under that certain term loan note dated September 15, 1998 and the First Preferred Ship Mortgage dated September 15, 1998 (the "Dollar Bank Obligations), and if Dollar Bank is the highest and best bidder, it will

6

be required to pay, in cash or its equivalent, only that portion of the purchase price, if any, that exceeds the aggregate amount of the Dollar Bank Obligations, which amount shall be verified as of the date of confirmation of the sale; provided that upon confirmation of the sale by the Court, Dollar Bank may be required to pay in cash or its equivalent all Marshal's fees and expenses and other administrative expenses expressly allowed by federal statute or by order of this Court; and it is further

ORDERED, that the Plaintiffs may bid at the auction in the same manner as Dollar Bank, up to the amount of the obligations (including fees and expenses) then owing to them, provided, however, that if one of the Plaintiffs is the highest and best bidder, it will be required to pay, in cash or its equivalent, an amount equal the aggregate amount of the verified Dollar Bank Obligations plus all Marshal's fees and expenses and other administrative expenses expressly permitted by federal statute or by order of this Court; and it is further

ORDERED, that all charges reasonably incurred by the Marshal with respect to maintenance and custody of the DIRECT SAIL shall be a Marshal's expense of sale; and it is further

ORDERED, that the Marshal is hereby authorized to receive advances from the Plaintiffs and/or Dollar Bank reasonably necessary to maintain and protect the DIRECT SAIL and to repay such advances out of the proceeds of sale of the DIRECT SAIL; and it is further

ORDERED, that if the net amount paid to Dollar Bank, including any amount credit bid by Dollar Bank, from the proceeds of the sale of the DIRECT SAIL is less than the aggregate amount of verified Dollar Bank Obligations, the Court shall enter a judgment in favor of Dollar Bank and against the Defendants for the amount of such deficiency.

Dated: March 29, 2006

Marianne B. Bowler USMJ
U.S. Magistrate Bowler

