UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11464-MBB

CHARLES G. LEPORIN, FERDINANDO L. ASSINI,
BIL-RAY HOME IMPROVEMENTS
AND CONTRACTING CORP. OF BRONX, NEW YORK
And BIL-RAY ALUMINUM SIDING CORP. OF
QUEENS, INC.
    Plaintiffs,
VS.

The S/V "DIRECT SAIL", her sails,
engines, boilers, tackle, etc., In Rem,
and GARY ISKRA and DEBORAH L. ISKRA,
In Personam,
    Defendants,

DOLLAR BANK, FEDERAL SAVINGS BANK,
    Intervenor.

## ORDER CONFIRMING SALE OF S/V DIRECT SAIL

Upon the motion (the "Motion") dated April 27, 2006 for an order confirming the sale of the S/V DIRECT SAIL, (O.N. 983900), her engines, machinery, mast, anchors, etc. (the "DIRECT SAIL") to Plaintiff-Intervenor Dollar Bank, Federal Savings Bank ("Dollar Bank") and for entry of a deficiency judgment against the Defendants Gary J. Iskra and Deborah L. Iskra, and upon the affidavits of Robert E. Collins, Michael Collyer and C. Andrew McGhee in support of the Motion and upon the record of the hearing on the Motion having been held on April 27, 2006 at which time

all interested parties were offered the opportunity to be heard with respect to the Motion and upon the Complaint filed by the Plaintiffs and the Verified Complaint in Intervention filed by Dollar Bank, it is hereby determined that:

    a)   This Court has jurisdiction over the Motion and the transaction contemplated therein.

    b)   In accordance with the Amended Order of Interlocutory Sale (the "Interlocutory Sale Order") entered in this case on April 18, 2006, directing the sale of the DIRECT SAIL (the "Sale"), proper, timely and adequate notice of a U.S. Marshal auction (the "Auction") was provided.

    c) The Auction was properly conducted by U.S. Marshal Steven Donaher at 10:00 a.m. at Fairhaven Shipyard in Fairhaven, Massachusetts. At the Auction, Dollar Bank's credit bid of $400,000 was declared the winning bid for the DIRECT SAIL.

    d) Dollar Bank's credit bid of $400,000 at the Sale represents the highest and best offer received by the U.S. Marshal for the DIRECT SAIL.

    e) Dollar Bank's credit bid of $400,000 is fair and reasonable and constitutes reasonably equivalent value and fair consideration under the laws of the United States,

any state, territory, possession and the District of Columbia.

f) Dollar Bank is a good faith purchaser. The parties, including Dollar Bank, have not engaged in any conduct that would cause or permit the Sale to Dollar Bank to be avoided under the laws of the United States, any state, territory, possession and the District of Columbia.

g) On or about September 15, 1998, the Defendants Gary Iskra and Deborah L. Iskra gave to Dollar Bank a term loan note in the principal amount of $850,000 (the "Note").

h) The Note represents a valid and enforceable obligation of the Defendants.

i) The Defendants, as makers of the Note, permitted the arrest, attachment and detention of the DIRECT SAIL by the U.S. Marshal to remain in effect for more than five (5) Business Days.

j) The Note is in default, and the balance due under the Note, after application of Dollar Bank's credit bid but increased by the fees and expenses incurred by Dollar Bank in connection with the Sale, which aggregate amount is set forth in the Affidavit of C. Andrew McGhee, (the "Deficiency") is immediately due and payable.

4

k) In accordance with the terms of the Interlocutory Sale Order, it is appropriate that judgment enter in favor of Dollar Bank and against the Defendants for the Deficiency.

NOW THEREFORE, based upon the foregoing findings of fact and rulings of law, it is ORDERED that:

1. The Motion is GRANTED.

2. The Sale of the DIRECT SAIL to Dollar Bank is hereby approved and the U.S. Marshal is hereby authorized to consummate the Sale and transfer title and ownership of the DIRECT SAIL to Dollar Bank. The U.S. Marshal is authorized to execute and deliver any instruments and documents as well as take all further actions as may be necessary or appropriate to effect a transfer of the DIRECT SAIL to Dollar Bank free and clear from any and all encumbrances, liens, attachments, claims or interests.

3. Dollar Bank shall pay into the Court $47,517.24 which amount represents the estimated aggregate amount due for custodia legis expenses and advertising costs incurred in connection with the Sale. Any surplus after payment of the custodia legis expenses and advertising costs shall be remitted to counsel for Dollar Bank.

4

k) In accordance with the terms of the Interlocutory Sale Order, it is appropriate that judgment enter in favor of Dollar Bank and against the Defendants for the Deficiency.

NOW THEREFORE, based upon the foregoing findings of fact and rulings of law, it is ORDERED that:

1. The Motion is GRANTED.

2. The Sale of the DIRECT SAIL to Dollar Bank is hereby approved and the U.S. Marshal is hereby authorized to consummate the Sale and transfer title and ownership of the DIRECT SAIL to Dollar Bank. The U.S. Marshal is authorized to execute and deliver any instruments and documents as well as take all further actions as may be necessary or appropriate to effect a transfer of the DIRECT SAIL to Dollar Bank free and clear from any and all encumbrances, liens, attachments, claims or interests.

3. Dollar Bank shall pay into the Court $47,517.24 which amount represents the estimated aggregate amount due for custodia legis expenses and advertising costs incurred in connection with the Sale. Any surplus after payment of the custodia legis expenses and advertising costs shall be remitted to counsel for Dollar Bank.

4.   Dollar Bank shall pay directly to the U.S. Marshal Service the amount of $6,015.00, representing the U.S. Marshal's commission for the Sale.

5.   Judgment is hereby entered for Dollar Bank against the Defendants Gary J. Iskra and Deborah L. Iskra, jointly and severally, in the amount of $372,246.66 (the "Deficiency"). Principal, interest, fees, and expenses on the Deficiency shall be due and payable in accordance with the terms of the Bank's loan documents, all of which shall remain in full force and effect.

Dated: April 27, 2006

_Marianne B. Bowler USMJ_
U.S. Magistrate Bowler