U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Charles G. Leporin, Ferdinando C. Ascini, et als | 05-11464- MBB |
| DEFENDANT | TYPE OF PROCESS |
| S/V DIRECT SAIL, Guy Ditra, Deborah L. Ditra | Sale of vessel |

| SERVE | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| ▶ | S/V DIRECT SAIL |
|  | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| AT | Fairhaven Shipyard, Fairhaven MA. |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Robert E. Collins, Esq.
Clinton & Muzyka P.C.
One Washington Mall, Suite 1400
Boston, MA  02108

| Number of process to be served with this Form - 285 | 1 |
|---|---|
| Number of parties to be served in this case | 12 |
| Check for service on U.S.A. |  |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All
Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                                                                      Fold

Signature of Attorney or other Originator requesting service on behalf of:       ☑ PLAINTIFF   ☐ DEFENDANT     | TELEPHONE NUMBER | DATE |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 38 | District to Serve No. 38 | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
|  | 1 |  |  | Nancy Jalceuro | 3/30/06 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described
on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|---|
| Address (complete only if different than shown above) | | Date of Service | Time |
| 2 Hours Total Time | | 4/14/06 | 12:00 ☐ am |
| 50 miles Round Trip | | Signature of U.S. Marshal or Deputy | ☐ pm |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 90.00 | 21.90 | — | 111.90 | | | |

REMARKS:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11464-MBB

CHARLES G. LEPORIN, FERDINANDO L. ASSINI,
BIL-RAY HOME IMPROVEMENTS
AND CONTRACTING CORP. OF BRONX, NEW YORK
And BIL-RAY ALUMINUM SIDING CORP. OF
QUEENS, INC.
        Plaintiffs,

VS.

The S/V "DIRECT SAIL", her sails,
engines, boilers, tackle, etc., In Rem,
and GARY ISKRA and DEBORAH L. ISKRA,
In Personam,
        Defendants,

DOLLAR BANK, FEDERAL SAVINGS BANK,
        Intervenor.

## ORDER FOR INTERLOCUTORY SALE OF S/V DIRECT SAIL

A motion having been duly brought before this Court

by the parties for the sale of the S/V DIRECT SAIL, (O.N.

983900), her engines, machinery, mast, anchors, etc.

Now based on the Complaint and motion of the parties

and the statements of the parties at the hearing held on

January 3, 2006, it is hereby:

ORDERED, that the S/V DIRECT SAIL (O.N. 983900), her

engines, machinery, mast, anchors, rigging, tackle, boats,

furniture, equipment and supplies, etc. (collectively, the

"DIRECT SAIL") shall be sold by pri

I hereby certify that the
foregoing document is true and correct copy of the
electronic docket in the caption case
electronically filed original filed on
original filed in my office on 3/29/06
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By:
Deputy Clerk

GSDOCS\1 558486 1 1/20/2006 9:34 AM

2

auction, such sale to be subject to confirmation by this
Court; and it is further

ORDERED, that the DIRECT SAIL shall be advertised for
sale in The Boston Sunday Globe and in not less than two
(2) trade publications, one of which shall be Soundings
magazine in both its New England and Florida editions; and
it is further

ORDERED, that the advertisement shall run for a
period of not less than four (4) weeks in The Boston
Sunday Globe; and it is further

ORDERED, that the advertisement text shall include a
full description of the DIRECT SAIL and state:

(a) the sales price is One Million One Hundred
Thousand Dollars ($1,100,000);

(b) the DIRECT SAIL is available for viewing and
inspection at the Fairhaven Shipyard, listing the work
address and the telephone number of Robert E. Collins,
Esq. or other designated contact person;

(c) written offers to purchase the DIRECT SAIL
are due in writing at the work address of Robert E.
Collins, Esq., no later than April 12, 2006;

(d) failure to obtain a Qualifying Offer to
purchase on or before April 12, 2006 shall result in a
public auction of the DIRECT SAIL on April 19, 2006 before

3

this Court at which the DIRECT SAIL will be sold to the highest qualified bidder;

(e) any sale shall be subject to the confirmation of this Court; and it is further

ORDERED, that the advertisements shall include such other provisions required to constitute notice of a public auction;

ORDERED, that draft copies of the advertisement shall be circulated by the offices of Clinton & Muzyka, P.C. to Peter D. Bilowz, Esq. and James D. Masterman, Esq. on or before January 25, 2006 or not less than seven (7) days prior to the date when the particular publication requires placing of the advertisement;

ORDERED, that any offers to purchase the DIRECT SAIL received by any party, including any offers received pursuant to the advertisements, shall be communicated to the other parties' counsel no later than two (2) business days after receipt of such offer(s), provided, however, any offers received on or after April 11, 2006 shall be communicated to the other parties' counsel as soon as practicable and in any event, not later than one (1) business day after receipt; and it is further

ORDERED, that a qualifying offer (a "Qualifying Offer") for the purchase of the DIRECT SAIL shall be any

4

offer to purchase the DIRECT SAIL for One Million One
Hundred Thousand Dollars ($1,100,000) or greater or for
any other amount which the parties, collectively, agree to
accept; and it is further

ORDERED, that a status conference in this matter will
be held before this Court on April 13, 2006 at 10:00 a.m.
to determine whether any Qualifying Offer has been
received and to determine the applicable reserve bid
required in the event a public auction is necessary; and
it is further

ORDERED, that if a Qualifying Offer is received, the
person submitting the Qualifying Offer and determined by
the parties to be the highest and best bidder for the
DIRECT SAIL (which determination shall be made no later
than April 12, 2006), will be required to deliver to the
Clerk of the Court not later than April 13, 2006 (or the
date of the hearing on confirmation of the sale if upon
request of the parties, such date is earlier than April
13, 2006), in cash or certified check, earnest money
deposit amounting to at least 10% of the purchase price,
which deposit shall be non-refundable if the Court
approves the sale; and that such offeror will be required
to pay the balance of the purchase price, in cash or

5

certified check, to the Clerk of the Court at the hearing
on confirmation of the sale; and it is further

ORDERED, that a hearing on confirmation of the sale
shall be held before this Court on April 19, 2006 at 10:00
a.m., provided, however, the parties, if all in agreement,
may petition this Court for a confirmation hearing at an
earlier date; and it is further

ORDERED, if no Qualifying Offer is received on or
before April 12, 2006, a public auction of the DIRECT SAIL
shall be held before this Court on April 19, 2006
commencing at 10:00 a.m. with the sale to be to the
highest and best bidder who shall be required to tender
the purchase price, in cash or certified check, to the
Clerk of the Court at the conclusion of the hearing on
confirmation of the sale, said hearing to commence
immediately following the conclusion of the auction or
such other time and date as this Court may order;

ORDERED, that the Intervenor Dollar Bank, Federal
Savings Bank ("Dollar Bank") may credit bid at the auction
part or all of the obligations owed to it (including fees
and expencse) under that certain term loan note dated
September 15, 1998 and the First Preferred Ship Mortgage
dated September 15, 1998 (the "Dollar Bank Obligations),
and if Dollar Bank is the highest and best bidder, it will

6

be required to pay, in cash or its equivalent, only that
portion of the purchase price, if any, that exceeds the
aggregate amount of the Dollar Bank Obligations, which
amount shall be verified as of the date of confirmation of
the sale; provided that upon confirmation of the sale by
the Court, Dollar Bank may be required to pay in cash or
its equivalent all Marshal's fees and expenses and other
administrative expenses expressly allowed by federal
statute or by order of this Court; and it is further

ORDERED, that the Plaintiffs may bid at the auction
in the same manner as Dollar Bank, up to the amount of the
obligations (including fees and expenses) then owing to
them, provided, however, that if one of the Plaintiffs is
the highest and best bidder, it will be required to pay,
in cash or its equivalent, an amount equal the aggregate
amount of the verified Dollar Bank Obligations plus all
Marshal's fees and expenses and other administrative
expenses expressly permitted by federal statute or by
order of this Court; and it is further

ORDERED, that all charges reasonably incurred by the
Marshal with respect to maintenance and custody of the
DIRECT SAIL shall be a Marshal's expense of sale; and it
is further

7

ORDERED, that the Marshal is hereby authorized to receive advances from the Plaintiffs and/or Dollar Bank reasonably necessary to maintain and protect the DIRECT SAIL and to repay such advances out of the proceeds of sale of the DIRECT SAIL; and it is further

ORDERED, that if the net amount paid to Dollar Bank, including any amount credit bid by Dollar Bank, from the proceeds of the sale of the DIRECT SAIL is less than the aggregate amount of verified Dollar Bank Obligations, the Court shall enter a judgment in favor of Dollar Bank and against the Defendants for the amount of such deficiency.

Dated:    March 29, 2006

Marianne B. Bowler USMJ
U.S. Magistrate Bowler